IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRITTANY WATTS, | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: BPG-21-2264 |
| PAUL NAKASONE, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. 636(c) and Local Rule 301.4. (ECF No. 24). Currently pending are defendants' Motion to Dismiss or for Summary Judgment ("Motion to Dismiss") (ECF No. 27), defendants' Memorandum of Law in Support of Motion to Dismiss or for Summary Judgment (ECF No. 28), plaintiff's Opposition to Defendants' Motion to Dismiss or for Summary Judgment ("Opposition") (ECF No. 31), and defendants' Reply Memorandum in Support of Motion to Dismiss or for Summary Judgment ("Reply") (ECF No. 34). No hearing is deemed necessary. Loc. R. 105.6. For the reasons discussed herein, defendants' Motion to Dismiss (ECF No. 27) is granted in part and denied in part.

**I.      BACKGROUND**

Plaintiff Brittany Watts ("plaintiff") began working at the National Security Agency ("NSA") in 2016. (ECF No. 7 ¶ 7). Shortly into her tenure with the NSA, plaintiff alleges that she notified her supervisor of frequent harassment by another NSA employee. (Id.) In response to plaintiff's complaint about the harassment, plaintiff alleges that procedures were established to

ensure that plaintiff and the harassing employee would not work together in the same office at the same time. (Id. ¶¶ 8-9). NSA management, however, allegedly failed to consistently enforce the procedures, allegedly causing plaintiff to develop "severe anxiety" and experience panic attacks, sometimes resulting in tardiness or missed meetings. (Id. ¶¶ 10-11).

In the summer of 2018, plaintiff became pregnant. (Id. ¶ 15). As a result of various illnesses related to her pregnancy, plaintiff alleges that she "occasionally" arrived late to work or was absent but that she "dutifully, diligently, and consistently communicated" with her supervisors, defendants Shaun Howard ("defendant Howard") and Justin Blick ("defendant Blick"), each time her pregnancy affected her work by providing them with doctor's notes and information about upcoming appointments. (Id. ¶¶ 17-19). Nevertheless, on October 15, 2018, plaintiff's supervisors issued plaintiff a Memorandum for the Record and a Letter of Counseling due to her alleged tardiness and unscheduled absences. (Id. ¶ 19).

In November 2018, according to plaintiff, she was granted 480 hours of leave without pay ("LWOP") under the Family Medical Leave Act ("FMLA") as well as additional accommodations including one 20-minute rest break per day and "a flexible arrival time up to 0900 hours." (Id. ¶¶ 20-21). Plaintiff, however, alleges that defendants Howard and Blick repeatedly refused to acknowledge her accommodations and, on multiple occasions, discriminated against her because of her pregnancy. (Id. ¶¶ 20-22). Specifically, plaintiff alleges that she was improperly marked as absent without leave ("AWOL") on December 18, 2018, and January 24, 2019. (Id. ¶¶ 22-24).

On January 25, 2019, plaintiff filed a discrimination claim with the director of EEO at the NSA.[1] (Id. ¶ 25). Thereafter, and following the birth of her son on April 19, 2019, plaintiff alleges numerous examples of additional acts of discrimination based on her pregnancy. Specifically,

---

[1] Plaintiff amended her claim with the EEO four times. (See ECF No. 27-18 at 80-82).

plaintiff claims that she was denied maternity leave, a permanent change of station, Phased Parental Return, participation in the Civilian Fitness Program, various assignments, and requested LWOP. (Id. ¶¶ 28-33). In addition, plaintiff asserts that she was improperly marked AWOL on December 19, 2019, and December 20, 2019. (Id. ¶ 33). Further, plaintiff claims that on July 31, 2020, she received a notice of proposed removal from employment with the NSA in retaliation for filing her EEO complaint. (Id. ¶ 37). She was subsequently placed on administrative leave and ultimately resigned. (Id. ¶¶ 38-39).

On September 3, 2021, plaintiff filed suit in this court against defendants Paul Nakasone, Justin Blick, and Shaun Howard ("defendants") on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.[2] (Id. ¶ 1). Plaintiff asserts three counts against defendants: (1) pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), against defendant Nakasone; (2) retaliation in violation of Title VII, 42 U.S.C. § 2000e-3, against defendant Nakasone; and (3) retaliation in violation of the FMLA, 29 U.S.C. § 2601, against all defendants. (Id. at 11-15).

## II.   DISCUSSION

Defendants move to dismiss Counts I and II pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 28 at 16-17, 21). In addition, defendant moves to dismiss Count III pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (ECF Nos. 27-23 at 1, 28 at 27-28). Alternatively, defendants move for summary judgment as to all claims pursuant to Federal Rule of Civil Procedure 56. (ECF No. 28 at 3).

---

[2] Plaintiff has sued defendant Nakasone in his official capacity as Director of the NSA and defendants Blick and Howard both individually and in their official capacities as supervisors at the NSA. (ECF No. 7 ¶¶ 4-6).

### A. **Motion to Dismiss Pursuant to Rule 12(b)(6)**

Defendants move to dismiss Counts I and II pursuant to Rule 12(b)(6). (ECF No. 28 at 16-17, 21). Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When ruling on such a motion, the court must "accept[] all well-pleaded allegations in the plaintiff's complaint as true" and "draw[] all reasonable factual inferences from those facts in the plaintiff's favor." Id. at 244. Nonetheless, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Rather, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678 (internal citation and quotation marks omitted). A plaintiff satisfies this standard not by forecasting evidence sufficient to prove the elements of the claim, but by alleging sufficient facts to establish those elements. Walters, 684 F.3d at 439. Accordingly, "while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In this case, defendants argue that plaintiff fails to state a claim for pregnancy discrimination and retaliation under Title VII because she failed to exhaust her administrative remedies. (ECF No. 28 at 20-22). Before filing a lawsuit in federal court, Title VII requires a plaintiff to exhaust her administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC"). Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 593 (4th Cir.

2012). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Jackson v. Maryland, No. DLB-20-270, 2021 WL 6072929, at *4 (D. Md. Dec. 23, 2021) (citation omitted).

With respect to plaintiff's pregnancy discrimination claim in Count I, defendants argue that plaintiff failed to exhaust her administrative remedies because her Complaint alleges different discriminatory conduct than what is alleged in her EEO Charge (the "Charge"). (ECF No. 28 at 21-22). Specifically, defendants contend that the notice of proposed removal from employment issued by defendant on July 31, 2020 ("notice of proposed removal") is referenced in the Complaint but not the Charge. (Id.) Defendants maintain that the Charge, by contrast, "focuses on employment actions from October 2018 through July 2019," all of which occurred prior to the notice of proposed removal. (Id.)

Defendants rely on Wright v. Kent Cnty. Dep't of Soc. Servs., No. ELH-12-3593, 2014 WL 301026, at *11 (D. Md. Jan. 24, 2014) for the proposition that a "plaintiff fails to exhaust administrative remedies where a charge of discrimination references different time frames, actors, and discriminatory conduct than the allegations in a complaint." (ECF No. 28 at 21) (internal quotation marks omitted). In Wright, the plaintiff alleged in an amended complaint that the defendant failed to promote her in 2012, approximately three years after plaintiff had filed her EEOC charge in 2009. 2014 WL 301026, at *11. The court in Wright noted that plaintiff could have amended her EEOC charge to include the failure to promote claim but did not, ultimately concluding that the plaintiff failed to exhaust her failure to promote claim because "that alleged adverse employment action occurred during a markedly different time frame and involved a discrete form of conduct . . . that is distinct from the conduct found in plaintiff's 2009 Charge of

Discrimination." Id. at *12 (noting that it was unclear whether the defendants were "afforded ample notice of the allegations" against them) (citing Syndor, 681 F.3d at 595).

Unlike Wright, however, in which plaintiff's failure to promote claim in her amended complaint was distinct from the conduct found in plaintiff's EEOC charge, here, the notice of proposed removal alleged by plaintiff in her Complaint is "reasonably related" to the discriminatory conduct alleged in her Charge. As plaintiff argues, the notice of proposed removal "grows out of" her original allegations in the Charge that "she was unable to fairly exercise her reasonable accommodations and FMLA leave." (ECF No. 31 at 20). Specifically, plaintiff's Charge alleged discrimination based on the following actions taken by defendant: marking plaintiff's timesheet as AWOL on December 18, 2018, and January 24, 2019, denial of leave bank benefits on April 23, 2019, denial of plaintiff's request for a permanent change of station on July 11, 2019, and issuance of a Memorandum for the Record ("MFR") and Letter of Counseling ("LOC") on October 15, 2018. (ECF No. 27-18 at 80-81).

Relatedly, the notice of proposed removal specifically references the 2018 MFR, plaintiff's alleged improper use of leave time, and plaintiff's alleged unauthorized absences dating back to February 4, 2018. (ECF No. 27-17 at 2-3). The notice of proposed removal, therefore, relates to the central allegations in plaintiff's Charge—that defendants discriminated against her based on her pregnancy and improperly denied her the right exercise her accommodations and leave time. See Coles v. Carilion Clinic, 894 F. Supp. 2d 783, 791 (W.D. Va. 2012) (denying the defendant's motion to dismiss plaintiff's discrimination claim when "the centerpiece of [plaintiff's] discrimination and harassment claims d[id] not shift between his EEOC charge and his complaint"). While plaintiff could have amended her Charge to include the notice of proposed removal, her failure to do so is not fatal to her claim of pregnancy discrimination because "the

similarities between [plaintiff's] administrative and judicial narratives make clear that [defendant] was afforded ample notice of the allegations against it." Sydnor, 681 F.3d at 595. Accordingly, plaintiff has exhausted her administrative remedies regarding her pregnancy discrimination claim, and defendants' Motion to Dismiss is denied as to Count I.

With respect to plaintiff's retaliation claim in Count II, defendants contend that plaintiff failed to exhaust her administrative remedies because her Complaint "asserts new theories of retaliation" that are different from those asserted in her Charge. (ECF No. 28 at 22). The Fourth Circuit, however, has held that a plaintiff who asserts a retaliation claim under Title VII for filing a previous EEOC charge may raise the retaliation claim for the first time in federal court. Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992) (reasoning that a plaintiff who had already faced retaliation for filing an administrative charge would be "gun shy about inviting further retaliation by filing a second charge complaining about the first retaliation") (citing Malhotra v. Cotter & Co., 885 F.2d 1305, 1312 (7th Cir. 1989), superseded by statute on other grounds); see also Villaras v. Geithner, No. JFM-08-2859, 2009 WL 3418574, at *6 (D. Md. Oct. 20, 2009) (holding that plaintiff exhausted his retaliation claim when his judicial complaint alleged that defendant retaliated against him "in direct response to his EEOC charge"). Here, plaintiff alleges in her Complaint that defendants retaliated against her by issuing the notice of proposed removal following her Charge. (ECF No. 7 ¶¶ 37, 67). Moreover, as discussed above regarding plaintiff's pregnancy discrimination claim, the notice of proposed removal is reasonably related to and arises out of the same facts alleged in plaintiff's Charge. Accordingly, to the extent plaintiff's retaliation claim in Count II is based on defendants' notice of proposed removal, plaintiff has exhausted her

administrative remedies regarding her retaliation claim, and defendants' Motion to Dismiss is denied as to Count II.[3]

### B. Motion to Dismiss Pursuant to Rule 12(b)(1)

Defendants move to dismiss Count III pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (ECF Nos. 27-23 at 1, 28 at 27-28). When ruling on a Rule 12(b)(1) motion for lack of subject matter jurisdiction, the court regards the pleadings as "mere evidence on the issue," and may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999). While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Ferdinand-Davenport v. Children's Guild, 742 F. Supp. 2d 772, 777 (D. Md. 2010).

Here, defendants argue that Count III should be dismissed as to defendants Blick and Howard because the FMLA "does not provide for a cause of action for damages against individual employees." (ECF No. 28 at 27). In addition, defendants contend that Count III is barred by the doctrine of sovereign immunity. (Id.) The Fourth Circuit has clearly held that the FMLA does not provide a private right of action for employees covered by Title II of the FMLA. See Mann v. Haigh, 120 F. 3d 34, 36-37 (4th Cir. 1997) ("Title II of the FMLA creates neither an express nor

---

[3] Defendants further contend that plaintiff's Complaint asserts that defendants retaliated against her by issuing a MFR and LOC. (ECF No. 28 at 22). In support of their assertion, defendants cite to paragraph 56 of ECF No. 1, but that is not the operative complaint in this case. (Id.) Despite defendants' erroneous citation, plaintiff alleges in her Complaint that she "was retaliated against with letters of reprimand," apparently referring to the MFR and LOC issued on October 15, 2018. (ECF No. 7 at 2). As defendant argues (ECF No. 34 at 5), however, the MFR and LOC were issued *before* plaintiff engaged in protected activity by filing her Charge in early 2019 (ECF No. 7 ¶¶ 19, 25). Accordingly, to the extent plaintiff's retaliation claim is based on the MFR and LOC issued on October 15, 2018, that claim is dismissed with prejudice.

an implied right of action whereby [Title II] employees may obtain judicial review of adverse employment decisions."); see also Draughn v. Wormuth, No. RDB-20-3625, 2021 WL 5742236, at *4 (D. Md. Dec. 1, 2021) (dismissing the plaintiff's claim under the FMLA because the plaintiff was covered under Title II of the FMLA and, therefore, had no private right of action under the statute). Title II of the FMLA defines "employee" as "any individual who (A) is an 'employee' as defined by section 6301(2) . . . and (B) has completed at least 12 months of service as an employee (as defined in section 2105) of the Government of the United States." 5 U.S.C. § 6381(1). Section 6301(2) refers to 5 U.S.C. § 2105, which in turn defines "employee" as an individual who is appointed in the civil service, performs a federal function, and supervised by another appointed employee. An individual qualifies as "appointed in the civil service" if she is appointed by an individual who is also an "employee" under Section 2105. Id. § 2105(a)(1)(D).

Here, plaintiff concedes that she was an employee covered by Title II of the FMLA. (ECF No. 31 at 24). Nevertheless, plaintiff argues that this court "should consider a good faith change in the law and permit Plaintiff the same rights and access to the courts" as employees covered by Title I of the FMLA, which provides those employees with a private right of action in court. (Id. at 26). Specifically, plaintiff asserts that "it cannot be the case that a federal employee who had been employed for 364 days has broader rights and access to the courts for her FMLA claims while a federal employee employed for 365 days is deprived of that right and access, distinguished on nothing more than a single day of employment." (Id.) The court does not have the power, however, to change the law as urged by plaintiff. The FMLA as well as the binding precedent in this circuit are clear: Title II employees do not have a right to judicial review of their FMLA claims

through the FMLA. See Mann, 120 F. 3d at 37. Accordingly, Count III is dismissed with prejudice for lack of subject matter jurisdiction.[4]

### C. Motion for Summary Judgment

Alternatively, defendants move for summary judgment as to all claims. (ECF No. 28 at 3). Pursuant to Federal Rule of Civil Procedure 12(d), a motion to dismiss for failure to state a claim upon which relief can be granted is converted into a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court" and all parties are given "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "Matters—such as exhibits—are outside the pleadings if a complaint's factual allegations are not expressly linked to and dependent upon such matters." Williams v. Branker, 462 F. App'x 348, 352 (4th Cir. 2012). Courts may consider documents submitted by the movant "so long as the document was integral to the complaint and there is no dispute about the document's authenticity." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016). "A district judge retains 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Silah v. Burwell,

---

[4] Plaintiff further argues that defendants Blick and Howard are not entitled to sovereign immunity and plaintiff, therefore, may assert her claim under the FMLA against them. (ECF No. 31 at 25 n.3). While some courts have permitted public officials to be sued in their individual capacities under the FMLA, they "have done so only in circumstances where an employee's claim was governed by Title I of the FMLA." Cruthirds v. Lacey, No. 5:14-CV-00260-BR, 2017 WL 2242868, at *3 (E.D.N.C. May 22, 2017) (citing Corbett v. Richmon Metro. Transp. Auth., 203 F. Supp. 3d 699, 709 (E.D. Va. 2016); Sheaffer v. Cnty. of Chatham, 337 F. Supp. 2d 709, 728 (M.D.N.C. 2004); and Cantley v. Simmons, 179 F. Supp. 2d 654, 657 (S.D.W. Va. 2002)). That is not the case here. Accordingly, because plaintiff was an employee covered by Title II of the FMLA, she may not assert a claim under the FMLA against defendants Blick and Howard, and those defendants are dismissed.

244 F. Supp. 3d 499, 518 (D. Md. 2017) (quoting Strothers v. City of Laurel, Md., 118 F. Supp. 3d 852, 860 (D. Md. 2015)).

Defendants in this case argue that the court should enter summary judgment in their favor because plaintiff cannot establish her Title VII pregnancy discrimination or retaliation claims. (ECF No. 28 at 23-26). Specifically, with respect to plaintiff's pregnancy discrimination claim, defendants contend that plaintiff fails to establish satisfactory job performance and different treatment from similarly situated employees outside the protected class, elements which are necessary to establish a prima facie case of pregnancy discrimination. (Id. at 23). Defendants also assert that plaintiff's retaliation claim fails as a matter of law because plaintiff "cannot demonstrate that her protected activity was the but-for cause of any materially adverse action." (Id. at 26). Plaintiff, however, maintains that the court should decline to review defendants' Motion to Dismiss as one for summary judgment because plaintiff "has not had the opportunity to test the veracity of any of the presented information through discovery." (ECF No. 31 at 15).

Notably, no formal discovery has been taken in this case. "Where, as here, additional discovery ought in fairness to be taken prior to resolution of summary judgment motions, a plaintiff must submit an affidavit demonstrating why certain discovery is necessary." Silah, 244 F. Supp. 3d at 518 (citing Fed. R. Civ. P. 56(d)). Here, plaintiff's counsel submitted an affidavit (the "Zylstra Affidavit") noting the need for discovery before plaintiff can appropriately brief matters before the court on summary judgment. (ECF No. 31-11). Specifically, plaintiff's counsel identifies the following non-exhaustive list of materials as necessary to establish plaintiff's claims and respond to defendants' motion for summary judgment: "data on adverse employment actions taken against individuals similarly situated to plaintiff who are outside the protected class, testimony from witnesses who witnessed plaintiff suffer discrimination at the hands of NSA

11

management, and corroborating evidence to support or refute defendant Howard and Blick's assertions against plaintiff." (Id. at 2). Based on the Zylstra Affidavit, plaintiff has clearly satisfied Rule 56(d) regarding the need for discovery prior to the resolution of defendants' motion for summary judgment. See Silah, 244 F. Supp. 3d at 519 (rejecting the defendant's alternative summary judgment argument at the motion to dismiss stage when the plaintiff submitted an affidavit pursuant to Rule 56(d) regarding the need for discovery). Accordingly, defendants' motion for summary judgment is denied without prejudice.

### III.  CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss or for Summary Judgment (ECF No. 27) is GRANTED in part and DENIED in part. Specifically, defendants' Motion to Dismiss is GRANTED as to Count III, which is dismissed with prejudice. Defendants Justin Blick and Shaun Howard are also dismissed. To the extent plaintiff's Title VII retaliation claim in Count II is based on the MFR and LOC issued by defendants on October 15, 2018, that claim is dismissed with prejudice. Defendants' Motion to Dismiss is DENIED as to Count I. To the extent plaintiff's Title VII retaliation claim in Count II is based on the notice of proposed removal issued by defendants on July 31, 2020, defendants' Motion to Dismiss is DENIED as to that claim. Defendants' alternative Motion for Summary Judgment is DENIED without prejudice.[5] A separate order will be issued.

August 16, 2022


Beth P. Gesner
Chief United States Magistrate Judge

---

[5] The following claims remain: (1) discrimination under Title VII in Count I against defendant Nakasone, and (2) retaliation under Title VII in Count II against defendant Nakasone to the extent that claim is based on the notice of proposed removal issued by defendants on July 31, 2020.